GARY M. RESTAINO
United States Attorney
District of Arizona

SHEILA PHILLIPS
Assistant U.S. Attorney
Michigan State Bar No.51656
GAYLE L. HELART
Assistant U.S. Attorney
California State Bar No. 151861
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Sheila.Phillips2@usdoj.gov
Email: gayle.helart@usdoj.gov
Attorneys for Plaintiff

___ FILED ✓ LODGED
___ RECEIVED ___ COPY
DEC 17 2021
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ________ DEPUTY

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
JUL 26 2022
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ________ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Ruben Oswaldo Yeverino Rosales,<br>a/k/a Martin Joseph,<br>a/k/a Ramses Marin,<br>Defendant. | Case No. 18-01200-PHX-SPL<br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Ruben Oswaldo Yeverino Rosales, hereby agree to dispose of this matter on the following terms and conditions:

**1. PLEA**

The defendant will plead guilty to Counts 1-4 and 8-9 of the Superseding Indictment. Counts 1-4 each charge the defendant with Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), (e), and 2256, a Class B felony. Counts 8-9 each charge the defendant with Cyberstalking in violation of 18 U.S.C. §§ 2261A(2)(B), a Class D felony.

//

//

**2. MAXIMUM PENALTIES**

a. A violation of 18 U.S.C. §§ 2251(a), (e), and 2256 (Production of Child Pornography), is punishable by a maximum fine of $250,000, a term of imprisonment of between 15-30 years, or both, and imposition of a minimum of five years and up to a lifetime term of supervised release.

b. A violation of 18 U.S.C. §§ 2261A(2)(B) (Cyberstalking) is punishable by a maximum fine of $250,000, a term of imprisonment of up to 5 years, or both, and a term of supervised release of up to three years.

c. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for the count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

d. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

e. The defendant acknowledges that pleading guilty to this offense will require him to register as a sex offender under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16911, et seq. The defendant recognizes that failure to comply with the sex offender registration laws of any state, federal, or tribal jurisdiction to which he is subject can result in

him being charged with a new state or federal criminal offense punishable by imprisonment or a fine, or both.

**3. AGREEMENTS REGARDING SENTENCING**

a. **Stipulation:** Range of Potential Sentence. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence on the instant matter for all the counts to which he is pleading (Counts 1-4 and 8-9 of the Superseding Indictment) shall be between 300-420 months (25 – 35 years).

b. **Stipulation: Sentencing for Relevant Conduct.** The defendant also agrees that conduct from five additional federal jurisdictions[1] may be considered by this Court as relevant conduct in determining the sentence within the range of 300-420 months (25-35 years). Undersigned counsel for the government has communicated with these five other jurisdictions and each has agreed to dismiss their cases with prejudice if this Court sentences the defendant within the range of 300-420 months (25-35 years). The parties enter into this plea agreement to address these additional jurisdictions, whose cases will not be prosecuted in their respective jurisdictions, under this agreement in one global agreement. The agreement has the effect of saving the resources by eliminating numerous hearings including possible trials, and of benefitting the defendant by being subject to only one proceeding for conduct in the District of Arizona. The parties are free to argue for any term within the range of 25-35 years in the instant case. In the Court's analysis, the defendant understands the Court will be able to consider the entirety of the investigation which includes the relevant conduct the District of Arizona as well as the relevant conduct from the cases in the five other districts. Upon sentencing in the District of Arizona, the other five districts' cases will be dismissed with prejudice.

---

[1] They are the Central District of California (Case No. SA CR No. 19-00018 AG); the Eastern District of Missouri (Case No. 19-CR-186), the Northern District of Oklahoma (Case No. 20CR0008GKF), the Eastern District of North Carolina (Case No. 5:19-CR-05), and the District of South Carolina (Case No. 6:19CR41).

c. **Stipulation: Supervised Release.** Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that, upon release from imprisonment, the defendant shall be placed on a lifetime term of supervised release.

d. **Stipulation: Psychosexual Assessment.** Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that, in accordance with 18 U.S.C. § 3552(b), the defendant shall submit to a psychosexual assessment prior to sentencing in this case. The evaluation shall include, but may not be limited to, physiological testing, including the use of a polygraph. The examiner shall be an approved provider as determined by the United States Probation Department. The defendant agrees to contribute to the cost of this assessment in an amount to be determined by the Probation Department after the Probation Department has reviewed all financial and other information obtained in connection with the presentence investigation in this case. All reports and information from the assessment shall be released to the Probation Department. The parties stipulate and agree that any statements obtained from the defendant in connection with the examination shall not be used in the instant prosecution or any subsequent federal prosecution of the defendant in the District of Arizona. However, any statements by the defendant and all information in the report may be used and considered by the parties, and the Court, as an aid in fashioning the appropriate sentence for the defendant.

e. **Recommendation:** Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

f. **Non-Binding Recommendations.** The defendant understands that recommendations are not binding on the Court. The defendant further understands that the

defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

  g.  **Stipulation: Restitution.** Pursuant to 18 U.S.C. § 2259, the United States and the defendant stipulate to the entry of a Restitution Order for each victim who is depicted in any image or video referenced in the count(s) of conviction in the District of Arizona case and who submits a claim for restitution in the District of Arizona case, but in no case more than $50,000.00 per victim.  The defendant will not be ordered to pay restitution in any other jurisdiction who is a part of this Plea Agreement.  The defendant agrees that his criminal conduct in the present prosecution is the proximate cause of a portion of the injuries suffered by the aforementioned victim(s) and, as such, the stipulated award is reasonable and justified. The defendant understands that such restitution will be included in the Court's Order of Judgment.  The defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

  h.  Assets and Financial Responsibility.  The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.  The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

  //

**4. AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. The United States shall not prosecute the defendant for any additional offenses committed by the defendant, and currently known by the United States, from the facts determined in the current investigation. The defendant understands, however, that the Court will take into account all the facts learned in the investigation as relevant conduct, and this includes the facts from the other five jurisdictions included in this Plea Agreement.

b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office, with the exception of the other five jurisdictions.

**5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6. WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is

determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.     DISCLOSURE OF INFORMATION**

a.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.     Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.     The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)     criminal convictions, history of drug abuse, and mental illness; and

(2)     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.     FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the



defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

Pursuant to Title 18, United States Code, Sections 981 and 2253, Title 21 United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and based upon the conviction in Counts 1-4 and 8-9 of the Superseding Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in any visual depiction, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of statute, and any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to the Lenovo laptop computer, Hisense F23 cellphone, and BLU Dash XL cellphone seized by law enforcement during this investigation.

## 9. ELEMENTS

### Production of Child Pornography (Counts 1-4) (Jane Doe 1)

On or about May 18-19, 2018 **(Count 1),** May 19-20, 2018 **(Count 2),** May 20-21, 2018 **(Count 3)** and May 21-22, 2018 **(Count 4**), in the District of Arizona:

1. Jane Doe 1, named in each of Counts 1-4, was under the age of eighteen years;

2. The defendant used Jane Doe 1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

3. The defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce, and the visual depiction was actually transported or transmitted using a means or facility of interstate or in foreign commerce.

4. Sexually explicit conduct" is defined in 18 U.S.C. § 2256(2) and, specific to this case, includes masturbation, depictions of sadistic or masochistic abuse, and a lascivious exhibition of the genitals or pubic area of any person.

**Cyberstalking (Counts 8-9) (Jane Doe 33, A.S.)**

On or about November 26-27, 2015 **(Count 8),** and on or about November 2018 **(Count 9),** in the District of Arizona:

1. The defendant used facilities of interstate or foreign commerce with the intent to injure, harass, and cause substantial emotional distress to A.S.;

2. The defendant engaged in a course of conduct, *i.e.* a pattern of conduct that was two or more acts evidencing a continuity of purpose per 18 U.S.C. §2266(2); and,

3. A.S. suffered substantial emotional distress as a result.

**10. <u>FACTUAL BASIS</u>**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

**Production of Child Pornography (Counts 1-4) (Jane Doe 1)**

On or about May 18-19, 2018 **(Count 1),** May 19-20, 2018 **(Count 2),** May 20-21, 2018 **(Count 3)** and May 21-22, 2018 **(Count 4)**, in the District of Arizona, Jane Doe 1, named in each of Counts 1-4, was under the age of eighteen years. The defendant used Jane Doe 1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce, and the visual depiction was actually transported or transmitted using a means or facility of interstate or in foreign commerce. Specifically, Rosales communicated directions he wanted Jane Doe 1 to follow when recording the nude images and videos of herself to send to him, including sexually explicit poses and inserting items into her vaginal and anal openings.

Rosales used Jane Doe 1 to produce all the named files in Counts 1 – 4, some examples being as follows.

**For Count 1:** One charged file named IMG_2424.jpg showed Jane Doe 1 sitting on the bathroom floor completely nude. Jane Doe 1's legs are spread apart, and her vagina is exposed to the camera. Jane Doe 1 uses her fingers to pull apart her labia.

**For Count 2:** One charged file named "IMG_2463.jpg" showed Jane Doe 1 sitting on a bathroom floor completely nude. Her legs are spread with her vagina exposed to the camera. Jane Doe's hand is on her pubic area above her vagina.

**For Count 3:** One charged file named IMG_2515.jpg showed Jane Doe 1 laying on the bathroom floor completely nude except for socks. Jane Doe 1's legs are spread apart, and her vagina and anus are exposed to the camera.

**For Count 4:** One charged file named IMG_2552.jpg showed Jane Doe 1 standing in a bedroom completely nude. Jane Doe 1's body is facing away from the camera, but her head is turned around facing the camera. Jane Doe 1's vagina and anus are exposed to the camera. Jane Doe 1 uses her hands to spread apart her buttocks. Jane Doe 1 has a red object in her mouth.

Interstate and foreign commerce is satisfied the fact that Rosales, who used a computer in Mexico, communicated with Jane Doe 1 on her computer in Arizona via the internet using a video chat application on their computers and Jane Doe 1 transmitted her nude images to him, including the files charged in Counts 1 – 4 of the Superseding Indictment. Additionally, during Rosales' communications with Jane Doe 1, he stated that if she did not send him additional nude files, he would send the ones he already had to her family and friends, and he did so despite her having sent additional images.

Rosales obtained approximately 3,278 nude and partially nude images and videos of Jane Doe 1, many of which fit within the definition of federal child pornography. He possessed in excess of 600 images of child pornography of her. The offense also includes the enhancement for sadistic and masochistic abuse in that Rosales requested Jane Doe 1

insert items such as Sharpee markers, toothbrushes, and hair brushes into her vaginal and anal openings which physically hurt and humiliated her.

**Cyberstalking (Counts 8-9) (A.S.)**

On or about November 26-27, 2015 (Count 8) and November 2018 (Count 9), in the District of Arizona, Rosales used facilities of interstate and foreign commerce, in this case electronic mail and internet websites, to engage in a course of conduct that caused and attempted to cause substantial emotional distress to A.S. A.S. was identified during the investigation that began after Jane Doe 1 reported Rosales.

For **Count 8,** Rosales contacted A.S. on two or more occasions between approximately November 26-27, 2015, via a video chat application used on the internet and told A.S. that if she did not do as he said, he would post all of her pictures on the internet along with her name, which is a unique name. Her "pictures" were nude pictures she had taken a few years before and sent to a boyfriend. During one approximate 10-15 minute call on the video chat application, Rosales directed A.S. to do sexual acts, which she did. Rosales also threatened that if she did not show her face, which she refused to do, he would create a pornographic website and post her images to it. Then, related to **Count 9,** Rosales contacted A.S. in November 2018, stating "I have a video of you…" Near Thanksgiving, Rosales contacted A.S. again from an internet social media platform with her picture stating, ""*If you don't do what I say I'm going to send all your pictures to your university…*" Rosales instructed A.S. to add his account to her Facebook account. A.S. suffered substantial emotional distress as a result of the conduct in both Counts 8 and 9.

b. The defendant, defense counsel, and government agree that, consistent with Paragraph 3b in this Plea Agreement that the Court may consider all conduct involved in the investigation for the District of Arizona case and for five additional jurisdictions. The parties will submit an agreed upon factual basis to the probation office for use in the sentencing report.

c. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional

material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read every part of this agreement and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

12/14/2021
Date

Ruben Oswaldo Yverino Rosales
Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement.

//

//

//

I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

12/14/2021
Date

Matthew Bartz
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

12/17/2021
Date

Gayle L. Helart
Sheila Phillips / Gayle L. Helart
Assistant U.S. Attorneys

**ACCEPTANCE BY THE COURT**

July 26, 2022
Date

HONORABLE STEVEN P. LOGAN
United States District Judge